**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1517
_____

UNITED STATES OF AMERICA

v.

GETHRO MONDELICE,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-15-cr-00295-001)
U.S. District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2023
_____

Before:  SHWARTZ, BIBAS, and AMBRO, Circuit Judges.

(Filed:  March 10, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Gethro Mondelice was convicted of drug offenses and sentenced to time served. He appeals and his counsel moves to withdraw under Anders v. California, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting review, we will grant the motion and affirm.

I

A confidential informant, who died prior to trial, purchased cocaine from Mondelice on several occasions while wearing a recording device. A search of Mondelice's home revealed the presence of drugs, drug paraphernalia, and firearms. Thereafter, a grand jury indicted Mondelice on three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1-3), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4), and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count 5).

Mondelice entered a guilty plea as to Counts 4 and 5 of the indictment, but later filed a motion seeking to withdraw his plea to Count 5. At a hearing on the motion, Mondelice admitted that he distributed cocaine but argued that the firearms he possessed were not used in furtherance of drug trafficking. Because Mondelice asserted his innocence to the firearms charge, and the plea transcript did not show there was a factual basis to conclude that he possessed the firearms to "advance" drug dealing, D. Ct. ECF

2

No. 42 at 4-5, the District Court allowed him to withdraw his guilty plea to Count 5. The guilty plea on Count 4 remained undisturbed.

At the trial on Counts 1, 2, 3, and 5, the Government presented, among other things, (1) testimony of an investigating officer who identified and authenticated the confidential informant's recordings and (2) a redacted transcript of the hearing to withdraw the guilty plea wherein Mondelice admitted he sold cocaine. The jury found him guilty on the drug distribution charges in Counts 1-3 but not guilty on the firearms charge in Count 5. He was sentenced to time served and three years' supervised release.

Mondelice filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He argued, in relevant part, that his trial counsel was ineffective for failing to file an appeal. The District Court agreed and entered an order permitting him to file an appeal limited to whether the informant recordings and hearing excerpt were properly admitted.[1]

Counsel for Mondelice filed an appeal on his behalf and, finding neither evidentiary challenge had merit, moved to withdraw as counsel under Anders.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme

---

[1] Mondelice did not appeal the District Court's § 2255 order.
[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). "Generally, we review evidentiary rulings for abuse of discretion, but when no objection is made at trial we review for plain error only." United

Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair representation." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the <u>Anders</u> brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000). An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988). Typically, if counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." <u>United States v. Langley</u>, 52 F.4th 564, 569 (3d Cir. 2022). Here, the District Court expressly limited the issues that can be raised on appeal when it granted § 2255 relief to the evidentiary issues concerning the tapes and hearing transcript,[3] and counsel's <u>Anders</u> brief explains why any challenge to the Court's evidentiary rulings on these items would be frivolous

---

States v. Kolodesh, 787 F.3d 224, 234 n.12 (3d Cir. 2015). Although Mondelice's counsel made no objection to the admission of the disputed evidence at trial, the docket shows that Mondelice filed motions in limine concerning both issues. Because the Government has not argued that plain error review applies, we will infer that the District Court did not require Mondelice to re-raise his objections at trial. An erroneous evidentiary ruling does not require a new trial if the ruling was harmless. United States v. Friedman, 658 F.3d 342, 352 (3d Cir. 2011).

[3] In any event, counsel has not identified any other nonfrivolous issues, Mondelice himself has not filed a pro se brief identifying additional issues, and we have found none.

under the governing law.  We now examine each in turn.

III

A

The recordings of conversations between Mondelice and the deceased confidential informant were properly authenticated.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must" show "that the item is what the proponent claims it is."[4]  Fed. R. Evid. 901(a).  A participant in a recorded conversation need not testify about the accuracy of the recording because it can be authenticated by the testimony of any witness with knowledge of its authenticity or an opinion identifying the alleged speaker's voice.  Fed. R. Evid. 901(b)(1), (5).[5]

At trial, the Government offered testimony of the investigating officer who obtained the recordings.  He testified that (1) the informant was cooperating voluntarily; (2) he searched the informant and found no contraband prior to fitting her with a recording device; (3) he and his colleagues surveilled the informant almost the entire time

---

[4] In United States v. Starks, 515 F.2d 112, 121 (3d Cir. 1975), we held that the government must produce "clear and convincing evidence of authenticity and accuracy as a foundation for the admission of [audio] recordings."  It is unclear whether Starks remains relevant after the enactment of Federal Rule of Evidence 901, which "treats preliminary questions of authentication and identification as matters of conditional relevance according to the standards of Rule 104(b)."  United States v. Browne, 834 F.3d 403, 409 (3d Cir. 2016).  To meet the Rule 104(b) standard, the proponent must show that a piece of evidence is authentic by a preponderance of the evidence.  Id.  Because the Government met the higher "clear and convincing" standard set forth in Starks, we need not address the impact of Rules 104(b) or 901 on Starks.

[5] The recorded phone calls between Mondelice and the informant were also properly authenticated because the Government established that it was Mondelice's phone receiving the informant's calls, and the officer, who was familiar with his voice, identified him as a speaker.  Fed. R. Evid. 901(b)(6).

5

she wore the device; (4) he captured numerous photographs consistent with the contents of the recordings; (5) the conversations took place at Mondelice's residence; (6) he identified, initialed, and dated the recordings shortly after the informant returned the device; (7) he could identify the informant's voice on the recordings because he had worked with her on other cases; and (8) he could identify Mondelice's voice on the recordings because he interviewed Mondelice. Therefore, the Government provided evidence establishing that the recordings were authentic and any challenge to their admissibility would be frivolous.[6]

B

The District Court also did not err in admitting statements Mondelice made about his drug dealing during the hearing to withdraw his guilty plea to the firearms charge in Count 5. Contrary to his arguments, Mondelice's statements were not protected under Federal Rule of Evidence 410.

For plea bargaining to work, a defendant must have confidence that the statements he makes during that process will not be used against him. United States v. Stirling, 571 F.2d 708, 731 (2d Cir. 1978); see also Sharif v. Picone, 740 F.3d 263, 268 (3d Cir. 2014) (observing that Rule 410 encourages compromise in criminal cases). To this end, Rule

---

[6] There is no suggestion that any changes, additions, or deletions were made to the recordings. Furthermore, in addition to being properly authenticated, the statements from the recordings admitted at Mondelice's trial were relevant, Fed. R. Evid. 401, and not hearsay because they were made by a party opponent, Fed. R. Evid. 801(d)(2). The informant's part of the conversation was also admissible to provide context for Mondelice's statements. Furthermore, because such statements contained in the recordings were not "testimonial," there is no Confrontation Clause concern. See United States v. Berrios, 676 F.3d 118, 127 (3d Cir. 2012).

410 bars the admission of (1) "a guilty plea that was later withdrawn"; (2) "a nolo contendere plea"; (3) "a statement made during a proceeding on either" a guilty plea or a nolo plea; or (4) "a statement made during plea discussions with an attorney for the prosecuting authority." Fed. R. Evid. 410(a).

The statements here do not fall into any of these categories. First, the statements did not inform the jury about "a guilty plea that was later withdrawn." Fed. R. Evid. 410(a)(1). The only guilty plea that was withdrawn was the plea to Count 5, and there was no mention of that fact to the jury. Second, the statements were "not made during a proceeding" at which the guilty plea was entered. Cf. Stirling, 571 F.2d at 731 (holding that statements to the grand jury made after a plea agreement was reached were not part of plea discussions and thus were admissible); see also Fed. R. Crim. P. 11 advisory committee's note to the 1979 amendments (discussing Rule 410's bar to the use of statements made in connection with plea negotiations and guilty pleas). Rather, the statements here were made at a proceeding at which the guilty plea was withdrawn. Third, the statements were not made during plea discussions, but rather occurred after the plea negotiations ended and the plea was entered. Because the statements do not fall within any of the categories set forth in Rule 410, any argument that Rule 410 barred the admission of the statements lacks sufficient merit.[7]

---

[7] Even if the District Court erred in admitting the statements, the error was harmless given the overwhelming evidence, such as the informant's recordings, of Mondelice's drug distribution.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.